[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court notes that exhibit A attached to the stipulation does not contain information describing the property owner's right to appeal the determination of the Board as required by § 12-111 of the General Statutes. However, the plaintiff has not raised this particular omission as a defect in the defendant's action. The court therefore deems the omission to have been waived.
Instead, the plaintiff argues that the Board did not "determine such appeal and send a written notification of the final determination of such appeal" as required by § 12-111. The plaintiff insists that the Board must elaborate on its denial of the application and that to state that the appeal is "dismissed" does not satisfy the statute. The plaintiff's position has no merit. The Board is free to choose whatever language it believes appropriate to convey to the taxpayer that its appeal has no merit. In fact, according to Webster's New World Dictionary, 2nd Col. Ed., the words "dismiss and deny" both mean "reject". So, by using the word "dismiss" the Board rejected the taxpayer's appeal. Notice of dismissal constitutes unequivocal notification that the Board has decided the appeal against the taxpayer. The statute requires nothing more. Judgment may enter for the defendant.
THE COURT
A. William Mottolese, Judge